1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                       DISTRICT OF OREGON
9                       PORTLAND DIVISION
10
11
12   TYRONE BLOCKER,                      No. 3:14-cv-01650-HU

13           Plaintiff,                   **FINDINGS AND
                                          RECOMMENDATION**
14       v.

15   UNIVERSAL MUSIC PUBLISHING
     GROUP,
16
             Defendant.
17   ─────────────────────────────────

18   HUBEL, Magistrate Judge:

19       Plaintiff Tyrone Blocker ("Plaintiff") brings this action pro

20   se against Defendant Universal Music Publishing ("Defendant").

21   Plaintiff refers to the operative pleading in this case as an

22   "intellectual property complaint and business fraud." (Am. Compl.

23   at 3.)   In its entirety, Plaintiff's sole claim alleges the

24   following: "[Defendant] fraudulently used my business and sold my

25   intellectual property.  See exhibits attached." (Am. Compl. at 3.)

26       The exhibits attached to the amended complaint appear to be:

27   (1) an August 18, 2006 letter from the Internal Revenue Service

28   addressed to Nest Coast LLC, in care of Tyrone Blocker, assigning

Page 1 - FINDINGS AND RECOMMENDATION

an employer identification number; (2) an internet printout from the website www.bandmind.com, referring to Nest Coast Entertainment in Portland, Oregon; and (3) an internet printout from the website www.ambfibi.com, listing fourteen music royalty companies located in the United States, including Nest Coast LLC, as well as a Google map.

**LEGAL STANDARD**

It settled law that a district court must perform a preliminary screening of an in forma pauperis complaint and dismiss any claims which: (1) fail to state a claim on which relief may be granted; (2) are frivolous or malicious; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (concluding that § 1915(e)(2)(B) applies to non-prisoners).

In order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a pro se litigant, the court must liberally construe the pleading and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, stating a claim requires "the plaintiff [to] plead[] factual content that allows the court to draw the

Page 2 - FINDINGS AND RECOMMENDATION

1 reasonable inference that the defendant is liable for the
2 misconduct alleged." *Id.*

3     Along similar lines, a district court may dismiss a claim as
4 factually frivolous when the facts alleged "lack[] an arguable
5 basis in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325
6 (1989), or when they "rise to the level of the irrational or the
7 wholly incredible, whether or not there are judicially noticeable
8 facts available to contradict them," *Denton v. Hernandez*, 504 U.S.
9 25, 33 (1992). A claim may also "be dismissed as frivolous where
10 a defense is obvious on the face of the complaint." *Harris v.*
11 *Rodriguez*, No. 1:12-cv-00891, 2012 WL 4210118, at *4 (E.D. Cal.
12 Sept. 18, 2012) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1228-29
13 (9th Cir. 1984)).

14                              **RECOMMENDED DISPOSITION**

15     Plaintiff's application (Docket No. 1) to proceed in forma
16 pauperis is granted solely for the purpose of screening his amended
17 complaint. Even when construing Plaintiff's allegations with the
18 liberality required under Ninth Circuit case law, they fall well
19 short of stating a plausible claim for relief. Indeed, Plaintiff's
20 amended complaint only contains a single conclusory statement that
21 "[Defendant] fraudulently used [his] business and sold [his]
22 intellectual property," and Plaintiff's exhibits fail to shed any
23 light on the basis for his cause of action against Defendant.
24 Accordingly, Plaintiff's amended complaint should be dismissed with

25
26
27
28

Page 3 - FINDINGS AND RECOMMENDATION

thirty (30) days leave to replead and cure the deficiencies described above.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **December 19, 2014.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **January 5, 2015.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this __1st__ day of December, 2014.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge