IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TYRONE BLOCKER,                                          Case No. 3:14-cv-01650-SB

        Plaintiff,                                         **FINDINGS AND**
                                                               **RECOMMENDATION**

    v.

UNIVERSAL MUSIC PUBLISHING GROUP,

        Defendant.

_____

BECKERMAN, Magistrate Judge:

    Plaintiff Tyrone Blocker ("Plaintiff"), appearing *pro se* and *in forma pauperis*, filed a second

amended complaint against Defendant Universal Music Publishing ("Defendant") on December 10,

2014, alleging a single cause of action for common law fraud (ECF No. 7).[1] Plaintiff filed a motion

for appointment of *pro bono* counsel on January 28, 2015 (ECF No. 11), and the case was

_____

        [1] Judge Michael Simon previously granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 1), solely for the purpose of screening his first amended complaint (ECF No. 3), and then dismissed the first amended complaint with thirty days leave to replead, which Plaintiff did on December 10, 2014. Plaintiff's provisional *in forma pauperis* status should therefore continue solely for the purpose of screening his second amended complaint.

Page 1 - FINDINGS AND RECOMMENDATION

subsequently reassigned to the undersigned, on February 5, 2015. The Court has screened Plaintiff's

second amended complaint for legal sufficiency pursuant to 28 U.S.C. § 1915(e). For the reasons

explained below, Plaintiff's second amended complaint should be dismissed with thirty days leave

to amend, and Plaintiff's motion for appointment of *pro bono* counsel should be denied.

## LEGAL STANDARD

A district court must perform a preliminary screening of an *in forma pauperis* complaint and

dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or

malicious, or seek monetary relief against a defendant who is immune from such relief. *See* 28

U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (concluding

that § 1915(e)(2)(B) applies to non-prisoners); *Preciado v. Salas*, No. 1:13–cv–0390, 2014 WL

127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by

plaintiffs proceeding *pro se* and *in forma pauperis*.").

In order to state a claim for relief, a complaint must contain "a short and plain statement of

the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing

the sufficiency of a complaint filed by a *pro se* litigant, the court must liberally construe the pleading

and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89,

94 (2007). But "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Id.* Rather, stating a claim requires "the plaintiff [to] plead[] factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.*

Page 2 - FINDINGS AND RECOMMENDATION

Along similar lines, a district court may dismiss a claim as factually frivolous when the facts alleged "lack[] an arguable basis in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or when they "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim may also be dismissed as frivolous where a defense is obvious on the face of the complaint. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## DISCUSSION

### A.    Recommended Dismissal

The second amended complaint should be dismissed for a lack of subject matter jurisdiction, or, alternatively, for pleading deficiencies.

"It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations omitted). Federal district courts are:

> empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. Original jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States.

*Hermelin v. Oregon*, No. 09-CV-1421-BR, 2009 WL 4954982, at *1 (D. Or. Dec. 11, 2009) (citations omitted).

Page 3 - FINDINGS AND RECOMMENDATION

Plaintiff has failed to include a good faith demand for damages in his second amended complaint, and as a result, the Court cannot determine if it has jurisdiction over Plaintiff's claim. Plaintiff's common law fraud claim does not establish federal question jurisdiction, as it does not "aris[e] under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Thus, the only possible jurisdictional hook is diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). However, the second amended complaint does not satisfy the requirements of diversity jurisdiction, because Plaintiff does not seek any relief, let alone $75,000 in relief. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) ("Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'") (citation omitted). Furthermore, the second amended complaint does not allege the actual citizenship of the relevant parties, and the Court is unable to determine if diversity of citizenship exists. *See Sepehry-Fard v. Countrywide Home Loans, Inc.*, No. 13–cv–05769, 2014 WL 2707738, at *3 (N.D. Cal. June 13, 2014) ("[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties on the face of the complaint in order to confirm that all parties are diverse.") (citation and internal quotation marks omitted).

The Tenth Circuit was recently confronted with a situation almost identical to the one before this Court. In *Mehio v. Sonntag*, 463 F. App'x 804, 805 (10th Cir. 2012), the district court screened the *pro se* litigant's complaint alleging common law fraud. The plaintiff appealed the district court's

Page 4 - FINDINGS AND RECOMMENDATION

dismissal for lack of subject matter jurisdiction, arguing, among other things, that the complaint was

prematurely dismissed at the screening stage. *Id.* The Tenth Circuit disagreed, stating:

> Mehio's complaint appears to assert a common law fraud claim. Such a claim does
> not establish federal question jurisdiction because it does not 'aris[e] under the
> Constitution, laws, or treaties of the United States.' Nor does the complaint satisfy
> the requirements of diversity jurisdiction.  Mehio admits that all parties are
> domiciled in Utah and does not seek $75,000 in relief.
>
> . . . [The screening statute] directs that a district court 'shall dismiss the case
> at any time if the court determines that the action fails to state a claim on which relief
> may be granted.' Given the clear jurisdictional defect, the district court correctly held
> that it could not grant relief.

*Id.* (internal citations and ellipses omitted).

As in *Mehio*, Plaintiff's second amended complaint should be dismissed for lack of subject

matter jurisdiction.  However, the Court recommends granting Plaintiff thirty days leave to replead.

*See Hermelin*, 2009 WL 4954982, at *2 (dismissing *pro se* plaintiff's complaint at screening stage

for lack of subject matter jurisdiction and granting leave to replead).

In the alternative, the second amended complaint should be dismissed for pleading

deficiencies.  In order to state a claim for common law fraud, Plaintiff must plausibly allege:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge
> of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the
> person and in the manner reasonably contemplated; (6) the hearer's ignorance of its
> falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his
> consequent and proximate injury.

*Avenue Lofts Condos. Owners' Ass'n v. Victaulic Co.*, 24 F. Supp. 3d 1010, 1020-21 (D. Or. 2014)

(quoting *Burgdorf v. Weston*, 259 Or. App. 755, 771 (2013)).  Plaintiff's second amended complaint

appears to parrot the elements described in *Burgdorf* in an effort to state a claim for common law

fraud, but falls short.  Plaintiff's substantive allegations, in their entirety, are as follows:

Plaintiff claims that [(1)] defendant represented that it had a contract to use Nestcoast LLC and Nestcoast Entertainment, (2) the contract was material for [plaintiff] is needed [sic] in order to use the company and its intellectual property, (3) the representation was false, (4) defendant knew that it was false and therefore took or carried away plaintiff's money and property without plaintiff's consent with the intent to permanently deprive plaintiff [of] its use or possession, (5) plaintiff did not discover that defendant was illegally using his company and intellectual property until plaintiff realized that his Snocap store with his album was found on [B]andmine, a company acquired by . . . defendant, (6) plaintiff was ignorant of its falsity because plaintiff had a contract with Snocap Inc., a company affiliated with defendant, (7) plaintiff relied on the truth of the representation because of defendant's affiliation with Snocap Inc., [and] (8) plaintiff had a right to rely on the representation because [defendant] is a major publishing company.

(Second Am. Compl. at 1-3.)  The second amended complaint does not seek or specify damages, or any other form of relief.  For that reason alone, the second amended complaint should be dismissed for failure to satisfy federal pleading requirements.  *See* FED. R. CIV. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief.").

In the event Plaintiff elects to file another amended complaint in federal court, "[a] plaintiff's claim as to the amount in controversy must be made in good faith." *Malhotra v. Hirsch & Ehlenberger PC*, No. RDB–13–0829, 2013 WL 5530279, at *1 (D. Md. Oct. 3, 2013).  Plaintiff's claim for "one trillion dollars a year" in his original complaint would not meet that standard. Plaintiff should also be aware that he cannot include in his demand for relief any harm suffered by a third party, such as his limited liability company. *See generally Elizabeth Retail Properties LLC v. Keybank Nat'l Ass'n*, --- F. Supp. 3d --- , 2015 WL 363269, at *9 (D. Or. Jan. 26, 2015)

("[S]hareholders [or members of a limited liability company] generally cannot sue for indirect harm they suffered as a result of an injury to the corporation.").[2]

In addition, any amended complaint must include more than just a formulaic recitation of the elements of a fraud claim. *See Sharma v. Johnson*, No. 2:13–cv–2398, 2014 WL 2769139, at *2 (E.D. Cal. June 18, 2014) ("Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than . . . a formulaic recitation of the elements of a cause of action.") (citation and quotation marks omitted). In the second amended complaint, Plaintiff has not alleged sufficient factual content to the allow the Court to draw any inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. Furthermore, if Plaintiff files another amended complaint, he should not rely on any allegations in his original, amended, or second amended complaints, but rather should incorporate all of his allegations into the third amended complaint.

If Plaintiff does not file a timely third amended complaint curing the noted deficiencies, the Court should enter a judgment of dismissal with prejudice. "The Court also notes [that] Plaintiff[], in lieu of filing a[] [third] amended complaint, may move to voluntarily dismiss this action without prejudice[.]" *Hermelin*, 2009 WL 4954982, at *2; *see also Garred v. Wick*, No. CV–10–570–SU, 2011 WL 1059086, at *3 (D. Or. Feb. 11, 2011) ("Ordinarily, a case dismissed for lack of subject

---

[2] If Nestcoast LLC or Nestcoast Entertainment suffered any injury, Plaintiff may not appear *pro se* on behalf of the companies in this case. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."); *Medhealth Nursing, LLC v. Vessigault*, No. 13–4038, 2014 WL 793586, at *2 (N.D. Cal. Feb. 26, 2014) ("The Ninth Circuit has held that a 'corporation may appear in federal court only through licensed counsel.'") (citation omitted).

Page 7 - FINDINGS AND RECOMMENDATION

matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.") (citation omitted).

**B.      Motion for Appointment of Counsel**

Plaintiff's motion for appointment of counsel should be denied . Although there is generally no constitutional right to appointment of counsel in a civil case, *United States v. $292,888.04*, 54 F.3d 564, 569 (9th Cir. 1995), pursuant to 28 U.S.C. § 1915(e)(1), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.   *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

"A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn*, 789 F.2d at 1331).

Based on the pleadings reviewed by the Court to date, it appears that Plaintiff is unlikely to succeed on the merits of his claim in federal court. Furthermore, the legal issues involved, at least at this stage of the litigation, are not particularly complex. The Court finds that exceptional circumstances do not currently exist, and recommends denial of Plaintiff's motion for appointment of *pro bono* counsel, with leave to re-file the motion if this case proceeds to summary judgment or trial.

///

Page 8 - FINDINGS AND RECOMMENDATION

**CONCLUSION**

For all of the reasons stated herein, Plaintiff's second amended complaint should be dismissed with thirty days leave to amend, and Plaintiff's motion for appointment of *pro bono* counsel (ECF No. 11) should be denied. If Plaintiff fails to file a third amended complaint curing the noted deficiencies within thirty days, this case should be dismissed with prejudice.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Plaintiff's objections to these Findings and Recommendations, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 26th day of February, 2015.

/s/ Stacie F. Beckerman

STACIE F. BECKERMAN
United States Magistrate Judge