IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYRONE BLOCKER,<br><br>        Plaintiff,<br><br>        v.<br><br>UNIVERSAL MUSIC PUBLISHING GROUP;<br>BANDMINE, INC.; SNOCAP, INC.; and<br>EBAY, INC.,<br><br>        Defendants. | Case No. 3:14-cv-01650-SB<br><br>**FINDINGS AND<br>RECOMMENDATION** |

**BECKERMAN, Magistrate Judge.**

      Tyrone Blocker ("Plaintiff") brings this *pro se* action against eBay, Inc. ("eBay"), Universal Music Corporation ("Universal"), Bandmine, Inc. ("Bandmine"), and SnoCap, Inc. ("SnoCap") (collectively, "Defendants").[1] Universal and eBay have moved to dismiss Plaintiff's Fourth Amended

---

[1] The correct name of the defendant identified in the caption and on the docket as "Universal Music Publishing Group" is "Universal Music Corporation." (*See* Universal's Mot. at 2 n.2.) The Clerk shall correct the name on the docket, and the caption shall hereafter be amended to show that Universal Music Corporation is the correct name of this defendant. *See Eggers v. Shepard*, No. 1:09-cv-00142, 2009 WL 1649770, at *1 (S.D. Ind. June 9, 2009) (ordering correction of defendant's name in caption and on docket).

Page 1 - FINDINGS AND RECOMMENDATION

Complaint for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). For the reasons discussed below, the motions to dismiss (ECF Nos. 60, 63) filed by eBay and Universal should be granted, and all claims against eBay and Universal, as well as Bandmine and SnoCap, should be dismissed with prejudice.

## BACKGROUND

Plaintiff filed a Fourth Amended Complaint on August 20, 2015, alleging a single claim against Defendants for "larceny." (Pl.'s Resp. eBay's Mot. at 1, ECF No. 62; Pl.'s Resp. Universal's Mot. at 1, ECF No. 65.)[2] Plaintiff alleges that Defendants claimed to have "accounts" with Nestcoast Entertainment, a company allegedly owned by Plaintiff, even though Defendants never obtained the necessary "consent or contract to use Nestcoast Entertainment's intellectual property." (Pl.'s Resp. Universal's Mot. at 4; Fourth Am. Compl. at 2.) Plaintiff further alleges that Defendants made these claims for purposes of taking or carrying away Nestcoast Entertainment's intellectual property, and that Defendants acted "with the intent to permanently deprive Plaintiff of his use or possession." (Fourth Am. Compl. at 2.) Plaintiff relied on Defendants' representations until he discovered that Defendants "were making financial gain through the use of Plaintiff's intellectual property [by way of] those accounts." (Fourth Am. Compl. at 3.)

---

[2] Plaintiff's Fourth Amended Complaint includes a "Statement of Claims" section in which Plaintiff asserts one untitled claim for relief ("Claim I"), but he now represents that he is asserting a claim for larceny. (Fourth Am. Compl. at 2-3; Pl.'s Resp. eBay's Mot. at 1; Pl.'s Resp. Universal's Mot. at 1.) In evaluating whether Plaintiff has stated a plausible claim for relief, the Court may consider the allegations made in his opposition memoranda in light of the fact that he is proceeding *pro se*. *See, e.g., Davis v. Back*, No. 3:09-cv-00557, 2010 WL 1779982, at *3 (E.D. Va. Apr. 29, 2010) ("In testing the sufficiency of the *pro se* Plaintiff's Complaint under Rule 12(b)(6), the Court will also consider the allegations made in the Plaintiff's memorandum filed in opposition to the Defendant's motion to dismiss.").

Page 2 - FINDINGS AND RECOMMENDATION

**LEGAL STANDARDS**

The Ninth Circuit has "held that dismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In evaluating the sufficiency of a complaint's factual allegations, courts must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). Courts "are not, however, required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id*. Nor are courts required to accept as true allegations that simply recite the elements of a cause of action. *Starr v. Baca*, 625 F.3d 1202, 1216 (9th Cir. 2011). Ultimately, surviving a motion to dismiss requires that the complaint "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*.

**DISCUSSION**

**A.    Plaintiff Fails to State a Claim Against the Moving Defendants**

    **1.    Larceny**

Plaintiff alleges a single claim against Universal and eBay. Although the claim is untitled in the Fourth Amended Complaint, Plaintiff has explained that he is attempting to state a claim for

larceny. Under Oregon law, larceny is a crime, and not the basis for a civil cause of action. *See State v. Spears*, 223 Or. App. 675, 691 (Or. Ct. App. 2008) (discussing Oregon's codification of the crime of common law larceny as "theft"); *State v. Wise*, 150 Or. App. 449, 455 (Or. Ct. App. 1997) (discussing that conversion is the civil action equivalent to a criminal action for theft). Thus, Plaintiff has failed to state a plausible claim for relief against Universal and eBay. *See Ward v. Maloney*, No. 1:08-cv-00054, 2008 WL 7346920, at *6 (M.D.N.C. Sept. 29, 2008) ("Plaintiff attempts to state a cause of action for 'larceny by fraud,' which is a criminal, not a civil, cause of action."); *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 636 (S.D. Cal. 1998) ("Hanes' third cause of action is stated as a civil tort claim for larceny. In California, larceny is a crime and is not the basis for a civil cause of action. A victim of larceny may sue in tort for conversion. Because Hanes has also alleged conversion, her larceny claim is dismissed with prejudice.").

        2.      **Conversion**

Courts "construe *pro se* complaints liberally and may only dismiss a *pro se* complaint for failure to state a claim if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011), *abrogated on other grounds as recognized in Richey v. Dahne*, --- F. 3d. --- , 2015 WL 8117841, at *4 n.6 (9th Cir. Dec. 8, 2015). Even when construing Plaintiff's larceny claim as one for conversion, dismissal of this case is still appropriate for two reasons. First, Plaintiff fails to state a claim for conversion. Second, Plaintiff's conversion claim is preempted by federal copyright law.

      **a.    Failure to State a Claim**

In order to state a claim for conversion under Oregon law, "a party must establish the intentional exercise of dominion or control over a chattel that so seriously interferes with the right of another to control it that the actor may justly be required to pay the full value of the chattel.'" *Bromfield v. HSBC Bank Nev.*, No. 3:13-cv-462-SI, 2013 WL 3929846, at *6 (D. Or. July 29, 2013) (quoting *Mossberg v. Univ. of Or.*, 247 P.3d 331, 334 (Or. Ct. App. 2011)). Plaintiff has failed to state a plausible claim for conversion.

In *Gary Friedrich Enterprises, LLC v. Marcel Enterprises, Inc.*, 713 F. Supp. 2d 215, 230-31 (S.D.N.Y. 2010), as in the present case, the plaintiffs asserted a claim for conversion of intellectual property. The *Gary Friedrich* court began by noting that there was no material difference between Illinois and New York conversion law, the latter of which defined "conversion as 'any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property.'" *Id*. at 230 (citation omitted). The *Gary Friedrich* court then proceeded to conclude that the plaintiffs failed to a state a plausible claim for conversion (or trespass to chattels): "[T]he plaintiffs have failed to state a claim for conversion or trespass to chattels because the defendants never assumed 'physical control' over the intellectual property. Nor could the defendants 'wholly deprive the owner of its use.'" *Id*. at 231 (quoting *Dowling v. United States*, 473 U.S. 207, 217 (1985)).

Similar to *Gary Friedrich*, Plaintiff has failed to state a plausible claim for conversion under Oregon law. Although Plaintiff alleges in a conclusory fashion that Defendants "took or carried away" his intellectual property, his complaint makes clear that he is alleging Defendants "set up accounts" in order to make "financial gains" from the use of such property. (Pl.'s Resp. Universal's

Mot. at 4; Fourth Am. Compl. at 2, 4.) Nowhere in the complaint does Plaintiff allege that any defendant assumed "physical control" over his intellectual property. Nor can Plaintiff allege in good faith that Defendants wholly deprived him of the use of any intellectual property by simply "ha[ving] a video or album" on certain websites. (Pl.'s Resp. Universal's Mot. at 4.) Based on the foregoing, the Court concludes that Plaintiff has failed to state a claim for conversion. *See also Dowling*, 473 U.S. at 217 (stating that an alleged infringer "does not assume physical control over the copyright; nor does he wholly deprive its owner of its use").

### b.   Copyright Preemption

Plaintiff's conversion claim is also preempted by the Copyright Act, 17 U.S.C. §§ 101-1332. The Ninth Circuit employs a two-part test to determine whether a state law claim is preempted by the Copyright Act. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). "Claims under state law are preempted where: (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are equivalent to any of the exclusive rights within the general scope of copyright." *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004) (citation and quotation marks omitted), *amended on other grounds on denial of reh'g*, 400 F.3d 658 (9th Cir. 2005).

The Court first considers whether the subject matter of Plaintiff's conversion claim is within the subject matter of the Copyright Act. To satisfy the first part of the test, "the material in question does not necessarily have to be actually protected by a specific copyright or even itself be copyrightable; it just has to be within the subject matter of the Act." *Halpern v. Uber Technologies, Inc.*, No. 15-cv-02401, 2015 WL 4572433, at *2 (N.D. Cal. July 29, 2015) (citation and quotation marks omitted). Plaintiff alleges that Defendants have wrongfully reproduced, sold, and/or

distributed music and a music video. (Pl.'s Resp. Universal's Mot. at 4; Pl's Resp. eBay's Mot. at 4.) "Copyright protection extends to two distinct aspects of music: (1) the musical composition, which is itself usually composed of two distinct aspects—music and lyrics; and (2) the physical embodiment of a particular performance of the musical composition[.]" *TufAmerica, Inc. v. WB Music Corp.*, 67 F. Supp. 3d 590, 591 n.1 (S.D.N.Y. 2014) (citation omitted); *Wake Up & Ball LLC v. Sony Music Entm't Inc.*, No. 14-cv-02403, --- F. Supp. 3d ---, 2015 WL 4763657, at *6 (D. Ariz. Aug. 13, 2015) (noting that there was a certificate of registration for a music video, an "audiovisual work"). The music and video "alleged to have been wrongfully reproduced, sold, and distributed in the instant case falls within the subject matter of the Copyright Act[.]" *See Cooper v. Sony Music Entm't Inc.*, No. 01-cv-0941, 2002 WL 391693, at *2 (S.D. Tex. Feb. 22, 2002). Accordingly, the first part of the test is satisfied. *See also Dorsey v. Money Mack Music, Inc.*, 304 F. Supp. 2d 858, 863 (E.D. La. 2003) ("[P]laintiff's claims are based on ownership of musical works, a subject matter undoubtedly covered by the Act").

The Court must next determine whether the rights Plaintiff asserts under Oregon conversion law are equivalent to the rights protected under the Copyright Act. *See Laws*, 448 F.3d at 1143 (applying a similar analysis). Here, Plaintiff alleges that Defendants converted intellectual property rights by reproducing, selling, and/or distributing music and a music video through certain websites. "A conversion claim arising from the unauthorized reproduction and distribution of a [plaintiff's] work only interferes with the plaintiff's intangible property right and is equivalent to a claim for copyright infringement." *Vigilante.com, Inc. v. Argus Test.com, Inc.*, No. 04-cv-413-MO, 2005 WL 2218405, at *15 (D. Or. Sept. 6, 2005) (quoting *Zito v. Steeplechase Films, Inc.*, 267 F.

Supp. 2d 1022, 1027 (N.D. Cal. 2003)). Accordingly, the second part of the Ninth Circuit's test is satisfied.

The Court concludes that Plaintiff's claim falls within the subject matter of the Copyright Act, and Plaintiff is attempting to assert a right that is equivalent to the rights protected under the Copyright Act. Accordingly, Plaintiff's conversion claim is preempted by the Copyright Act. *See Dynamic Measurement Group, Inc. v. Univ. of Or.*, No. 6:14-cv-01295-TC, --- F. Supp. 3d --- , 2015 WL 4644637, at *9 (D. Or. Aug. 4, 2015) ("To the extent the University alleges a conversion [counterclaim] for its purported intellectual property, such claim impermissibly seeks to redress a right protected under federal copyright law and is preempted."); *see also Ryoo Dental, Inc. v. Han*, No. 15-308, 2015 WL 4208580, at *5 (C.D. Cal. July 9, 2015) (concluding that state law claims were preempted by the Copyright Act, and dismissing the claims with prejudice); *Lynden v. Nike Inc.*, No. 3:13-cv-00662-HZ, 2014 WL 2563401, at *3 (D. Or. June 6, 2014) ("Plaintiff's conversion claim is essentially a patent infringement claim, and thus is preempted by patent law. . . . Plaintiff's claim for conversion is dismissed. Because amendment would be futile, the dismissal is with prejudice.").[3]

## B.     Plaintiff Fails to State a Claim Against the Non-Moving Defendants

Plaintiff brings the same claim against the non-moving defendants, Bandmine and SnoCap. Bandmine and SnoCap have yet to appear in this action because they were not properly served. (Order Denying Mots. Default at 2, ECF No. 72.) Plaintiff recently filed amended summons for Bandmine and SnoCap. The Court declines to address whether Plaintiff complied with this Court's Order (ECF No. 72), or to order the U.S. Marshals Service to serve the amended summons, because it clear from the foregoing that Plaintiff's claim against all defendants fails on the merits and cannot

---

[3] Plaintiff has not alleged that he owns any valid copyright relating to this case.

be cured. Accordingly, the claim against Bandmine and SnoCap should also be dismissed with prejudice. *See Hays v. Reyna*, No. 3:12-cv-00164-SI, 2013 WL 3939860, at *7 (D. Or. July 30, 2013) (concluding that the plaintiff failed to state a claim against the non-moving defendants, who had yet to appear due to service problems, and dismissing the entire case with prejudice).

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT the motions to dismiss (ECF Nos. 60, 63) filed by eBay and Universal, find that Plaintiff has also failed to state a claim against the non-moving defendants, and enter a judgment dismissing this case in its entirety, with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this  15th  day of December, 2015.

_____
STACIE F. BECKERMAN
United States Magistrate Judge